UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JPMORGAN CHASE BANK,<br><br>       Plaintiff,<br>   v.<br><br>MARILYN D. FINNEY,<br><br>       Defendant.<br>_____/ | No. C 12-1033 MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

On February 29, 2012, Defendant Marilyn D. Finney removed this unlawful detainer action from Alameda County Superior Court. However, as it appears that jurisdiction is lacking and the case should be remanded to state court, the Court ordered Defendant to show cause why this case should not be remanded to the Alameda County Superior Court. The Court ordered Defendant to file a declaration by March 15. Defendant, however, has failed to respond. Based on this procedural history, the Court finds it appropriate to remand this case. As Defendant has not consented to magistrate jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that this case be remanded to Alameda County Superior Court. The March 29 order to show cause hearing is VACATED.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt

as to the right of removal in the first instance." *Id*. at 566.  Further, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

      Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal.  An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.  *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Further, even if Defendant were to allege diversity jurisdiction, Plaintiff brought this action in California, as the property at issue is located in the state.  Where diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse.  28 U.S.C. § 1441(b).  Moreover, the amount in controversy requirement does not appear to be met because Plaintiff's damages claim is under $10,000.  Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions only where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

      Finally, an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction.  *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir.1994).  "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint."  *ARCO Envtl. Remediation, LLC v. Dept. of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").  Thus, any anticipated defense, such as a claim under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009), is not a valid ground for removal.  *See e.g. Aurora Loan Services, LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D.Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, 2010 WL 4809661, at *2–3 (S.D.Cal. Nov.19, 2010); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at 2–3 (C.D.Cal. Nov. 22, 2010); *Aurora Loan*

*Services, LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D.Cal. March 29, 2010).

Thus, as jurisdiction appears to be lacking, and Defendant failed to respond to the order to show cause, the Court finds that he has failed to meet his burden of demonstrating grounds for jurisdiction over Plaintiff's single claim for unlawful detainer brought pursuant to California law. Accordingly, the undersigned finds that this case should be remanded.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: March 19, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JPMORGAN CHASE BANK,

           Plaintiff,

  v.

MARILYN D. FINNEY,

           Defendant.

                                      /

Case Number: 12-1033 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 5, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marilyn D. Finney
17320 Redwood Road
Castro Valley, CA 94546

Dated: March 19, 2012

                                        Richard W. Wieking, Clerk
                                        By: Brenda Tolbert, Deputy Clerk